IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS JAMES , # R-19702, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-cv-317-MJR |
| SEARGENT PELKER, J. KILPATRICK, C/O MAYER, E. WENZEL, and HILLERMAN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Menard Correctional Center ("Menard"), where he alleges that Defendants forcibly injected him with psychotropic medication without his consent.

More specifically, Plaintiff states that on April 12, 2013, Defendant Sergeant Pelker held him while the Jane Doe Nurse[1] injected him with Haldol (Doc. 1, p. 5). The Defendant Nurse heard Plaintiff refuse the medication, but gave it to him anyway. Defendant Hillerman (psychologist or mental health professional) knew Plaintiff had refused the Haldol, but watched other Defendants administer the drug, and "lied about [Plaintiff] being on involuntary medication." *Id*.

Defendant Mayer (a correctional officer) "was in concert with defendants to bring [Plaintiff] under the illusion [he] was on involuntary medication." *Id*. Defendants Mayer,

---

[1] Plaintiff lists this Jane Doe Nurse among the Defendants, but she was inadvertently omitted from the docket sheet. The Clerk shall be directed to add her as a party.

Kilpatrick, and Wenzel (also correctional officers), as well as Defendant Hillerman, "participated in influence or failed to intervene" when Defendants Pelker and Jane Doe gave Plaintiff the shot (Doc. 1, pp. 5-6).

Plaintiff asserts that his Eighth and Fourteenth Amendment rights were violated, and requests damages and unspecified injunctive relief (Doc. 1, pp. 6-7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that at this early stage of the litigation, Plaintiff has articulated a colorable federal cause of action against Defendants Pelker, Jane Doe Nurse, and Hillerman for violating Plaintiff's Fourteenth Amendment due process rights by administering psychotropic medication without his consent **(Count 1)**. However, the complaint fails to state a claim that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment **(Count 2)**.

**Count 1 – Fourteenth Amendment**

In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Id.* at 221-22. However, the "Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001); *Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993) (finding that

decision to keep prisoner on Haldol against his will complied with due process requirements under *Harper*).

> *Harper* emphasized several aspects of an inmate's right to refuse drug treatment. First, to administer involuntary treatment the state must find that medication is in the prisoner's medical interest (independent of institutional concerns). 494 U.S. at 227, 110 S. Ct. at 1039. Second, the tribunal or panel that reviews a treating physician's decision to prescribe forced medication must exercise impartial and independent judgment, taking account of the inmate's best interest. *Id.* at 222, 233, 110 S. Ct. at 1036, 1042; *compare id.* at 250-53, 110 S. Ct. at 1051-53 (Stevens, J., dissenting). Third, the prisoner must be able to argue capably before a review tribunal that he does not need forced medication. *Id.* at 233, 110 S. Ct. at 1042. If the state failed to meet these requirements in a particular case, the prisoner could argue that he was denied *Harper's* protections.

*Sullivan*, 8 F.3d at 598. The Illinois Administrative Code contains the procedures, adopted in the wake of *Harper*, which must be followed when a prison psychiatrist or doctor believes that psychotropic medication is necessary but the inmate refuses to consent. ILL. ADMIN. CODE tit. 20, § 415.70.

In Plaintiff's case, he alleges that the Jane Doe Defendant Nurse, along with Defendants Pelker and Hillerman, injected him with Haldol against his will and despite him telling them that he refused to consent to the medication. The complaint does not disclose whether the notice and hearing procedures in § 415.70 of the Code were followed, or whether there was an emergency that required immediate use of the drug before a hearing could be held. However, he does imply some lapse in this procedure by claiming that Defendant Hillerman "lied about [him] being on involuntary medication" (Doc. 1, p. 5). At this stage of the litigation, the Court must give liberal interpretation to Plaintiff's factual allegations. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Accordingly, Plaintiff's claim that Defendants Pelker, Hillerman, and the Jane Doe Nurse denied him due process when they forcibly gave him psychotropic medication is not subject to dismissal at this time.

However, Plaintiff's allegations do not indicate that the three other correctional officers, Defendants Kilpatrick, Mayer, and Wenzel, were personally involved in forcibly administering the medication.  They are not medical providers, there is no indication that they were involved in the decision as to whether or not Plaintiff could be medicated, and it is not clear whether they were present at the time he had the injection.  Even if they were on the scene, the Court cannot discern any duty on their part to intervene in the medication matter.  Accordingly, these Defendants shall be dismissed from the action without prejudice.

**Dismissal of Count 2 – Eighth Amendment**

Only deprivations of basic human needs like food, medical care, sanitation, and physical safety will implicate the Eighth Amendment.  *See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Plaintiff does not describe any serious risk to his health or physical well-being in connection with the administration of the drug, aside from his lack of consent.  Nor does he suggest that any Defendant acted with deliberate indifference to an objectively serious risk of harm in giving him the medication.  For these reasons, the cruel and unusual punishment claim shall be dismissed without prejudice.

**Injunctive Relief**

Finally, Plaintiff's request for injunctive relief has become moot, because he is no longer housed at Menard, and is no longer under the care or control of the Defendants.  *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief.  *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011)

(citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Disposition**

The Clerk is **DIRECTED** to add the Jane Doe Nurse as a party Defendant in this action.

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **KILPATRICK, MAYER,** and **WENZEL** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **PELKER** and **HILLERMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Jane Doe Nurse) Defendant until such time as Plaintiff has identified her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 17, 2014**

                                        s/ MICHAEL J. REAGAN
                                        United States District Judge